IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GWEN B. DALUGE, MURRAY YOUNG, AND HELENE K. BIRNBAUM, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, vs. CONTINENTAL CASUALTY COMPANY, Defendant. | Case No. 15-cv-00297-wmc |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Gwen B. Daluge, Murray Young, and Helene K. Birnbaum (collectively, "Plaintiffs") and Continental Casualty Company ("CNA" or "Defendant") have entered into a stipulation of settlement ("Settlement Agreement "or "Agreement") intended to resolve the litigation pending in this court;

WHEREAS, the court has before it Plaintiffs' Memorandum In Support Of Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Action Settlement, together with the Settlement Agreement attached as Exhibit B thereto; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the defendant;

IT IS HEREBY ORDERED that:

1.   The terms of the parties' Settlement Agreement are hereby conditionally approved to the extent consistent with this order and subject to further consideration at the Final Fairness Hearing provided for below.

2.   Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), the proposed Classes as stated in the Settlement Agreement are hereby preliminarily certified for settlement purposes only.   The Classes in the Settlement Agreement are defined as follows:

> **A. Class I** includes all current or former CNA policyholders:
>
>> (1) who made claims under a Policy for the Long Term Care Facility Benefit for a facility in one of the 11 Class States on or after the start of the Period of Payment;
>> (2) who were medically eligible for benefits;
>> (3) but were not afforded coverage for the costs and expenses relating to their stays;
>> (4) on grounds that included that the facility or facilities did not provide the requisite 24-hour-a-day nursing services by or under the supervision of a registered nurse, licensed practical nurse, or licensed vocational nurse; and
>> (5) who suffered ascertainable damages as a result of being denied coverage.
>
> A member of Class I may also be a member of Class II.
>
> **B. Class II** includes all CNA policyholders with Policies that are In-Force Policies as of July 1, 2017.

3.   Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the court makes the following preliminary findings of fact and conclusions of law:

> a. the Classes are sufficiently definite;
>
> b. the Classes are so numerous that joinder of all Class Members is impracticable;
>
> c. there are questions of law and/or fact common to the Classes;
>
> d. plaintiffs' claims are typical of the claims of the members of the Classes;
>
> e. plaintiffs and their counsel have and are expected to continue to fairly and adequately represent and protect the interests of the Classes;
>
> f. plaintiffs' interests do not conflict with the interests of the Classes in the maintenance of this action;

   g. the questions of law and/or fact common to Class I predominate over the questions affecting only individual members;

   h. certification of Class I is superior to other available methods for the fair and efficient adjudication of this controversy; and

   i. defendant has acted or refused to act on grounds generally applicable to Class II.

  2. The Agreement is <u>preliminarily</u> approved as fair, reasonable and adequate.

  3. For purposes of effectuating the Agreement, Sean K. Collins, the Law Offices of Sean K. Collins, Lionel Z. Glancy and Ex Kano S. Sams II, Glancy Prongay & Murray, Jeffrey S. Goldenberg, Goldenberg Schneider LPA, and Janet E. Pecquet, Burke & Pecquet LLC, are <u>preliminarily</u> approved as Class Counsel. Plaintiffs Gwen B. Daluge, Murray Young, and Helene K. Birnbaum, are also <u>preliminarily</u> approved as Class Representatives.

  7. The court approves the proposed notices, claim form and method of dissemination of notice set forth in Section V of the Agreement. This "Notice Program" appears to meet the requirements of due process, including the plan to mail notice to each individual potential Class Member, to send an additional special notice to the 96 individuals identified as likely belonging to Class I, and to establish a settlement website and toll free telephone number. The Notice Program shall be initiated and the Class Notices mailed no later than 90 days from entry of this order. Additionally, the defendant shall notify the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

  8. Defendant, or an organization designated by defendant, shall be the Notice Administrator to disseminate the Notice in accordance with the terms of the Agreement and this Order, the costs of which are to be paid by defendant consistent with the terms of the Agreement.

9. Defendant (working with its counsel and its third party claims administrator, Long Term Care Group, Inc.) shall serve as the Claims Administrator to facilitate administrative matters and the distribution of payments in accordance with the terms and conditions of the Agreement, the costs of which are to be paid by defendant consistent with the terms of the Agreement.

10. It is the Parties' intention that Michael Young, Esq., shall fulfill the roles and responsibilities of the sole neutral evaluator as contained in the Agreement. The costs of which shall be governed by Section IV of the Agreement. To the extent Michael Young becomes unable to perform this role, disputes will be resolved by a neutral mutually agreeable to Lead Class Counsel and CNA Counsel. If no agreement can be reached, then the neutral shall be appointed by JAMS as set forth in the Agreement.

11. In order to be considered for the Class I benefit as detailed in the Agreement, the members of Class I must mail the Claim Form to the address set forth on that Claim Form postmarked within 45 days of the mailing of Class Notice.

12. The determination of the proper amount of any payment to a Class I claimant shall be made pursuant to Section IV of the Agreement.

13. Any member in Class I who wishes to be excluded from the Class must mail or deliver a written request for exclusion, in care of the address to be provided in the Class Notice, postmarked no later than 30 days prior to the Final Fairness Hearing. Either the Class Member, or a representative who has legal authority to sign for the Class Member, must sign the written request for exclusion. CNA shall make available a confidential list of all persons who requested exclusion to the court at or before the Final Fairness Hearing.

14. Any member of Class I or Class II who wishes to object to the fairness, reasonableness or adequacy of the Agreement should deliver to Lead Class Counsel and CNA's

Counsel, and file with the court, a statement of the objection, as well as the specific reason(s), if any, for the objection, including any legal support the Class Member wishes to bring to the court's attention and any evidence the Class Member wishes to introduce in support of the objection ("Written Objection") that complies with the terms of this Order. Class Members may so act either on their own or through any attorney hired at their own expense. An attorney acting on behalf of a Class Member, must also do the following no later than 30 days prior to the Final Fairness Hearing:

      a. File a notice of appearance with the court; and

      b. Identify any documents they will seek to introduce or witnesses they intend to call at the Final Fairness Hearing.

15. Any member of Class I or Class II may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of the Agreement. Any attorney representing a member of Class I or Class II who fails to file and serve a Written Objection that is timely and complies with the terms of this Order shall not be heard at the Fairness Hearing.

16. Any member of Class I who does not submit a valid and timely written request for exclusion from the Class, will be bound by all proceedings, orders, and judgments in this matter relating to this Agreement, unless such Class Member has previously initiated individual litigation against CNA and that matter is pending.

17. Any member of Class I who does not properly and timely request exclusion from the settlement shall waive and forfeit any and all rights the Class Member may have to opt out and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in this matter.

18. Class Counsel and defendant's counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession.

19. Any Class Member objectors or their counsel may, at their own expense, review materials produced pursuant to discovery requests in this matter at Lead Class Counsel's office, provided that such individuals shall not be given access to these materials unless and until they enter into an Agreement and Order of Confidentiality entered by the court and agreed upon by Class Counsel and defendant. That order shall not preclude any class member who opts out of this lawsuit or counsel on their behalf from requesting the same or similar information in a subsequent lawsuit, or from good faith pleading upon information and belief in a subsequent lawsuit.

20. Defendant, including its agents or other representatives and any other retained personnel, are authorized to communicate with Class Members (and other present or former policyholders) about the terms of the proposed Agreement as well as engage in any other communications within the normal course of the Company's business. Class Counsel is also authorized to communicate with Class Members about the terms of the proposed Agreement.

21. All members of Class I who do not timely exclude themselves from the Class are preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating (as Class Members or otherwise) in any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, in this matter or to the released claims related to coverage under the Long Term Care Facility Benefit for stays at Assisted Living Facilities in the Class States which are at issue in this litigation; and (ii) from filing, commencing or prosecuting a lawsuit as a class action on behalf of Class Members who have not timely excluded themselves (including by seeking to amend a

pending complaint to include class allegations or seeking class certification in a pending action), based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, in this matter related to coverage under the Long Term Care Facility Benefit for stays at Assisted Living Facilities in the Class States which are at issue in this litigation.

22. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this court, except such things as may be necessary to implement the Agreement and this Order.

23. If the proposed settlement as provided in the Agreement is not approved by the court, or for any reason the parties fail to obtain a Final Approval Order and Judgment of Dismissal with Prejudice as contemplated by the Agreement, or the Agreement is terminated under its terms, then the Agreement and all orders entered in connection therewith shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever. In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereof, who shall be restored to their respective positions immediately prior thereto, and this Order and related filings shall have no further force and effect whatsoever, whether evidentiary or otherwise.

24. The Fairness Hearing shall be conducted on Thursday, October 25 at 1:00 p.m. in Courtroom 250 of the United States District Court, Western District of Wisconsin, 120 N. Henry St., Madison, WI 53703. In advance of this hearing, Class Counsel shall file their Motion for Final Approval of the Settlement, request for attorneys' fees, expense reimbursement, and Class Representative service awards consistent with the terms of the Agreement no later than 45 days prior to the hearing. In order to address any potential concerns raised by objecting Class Members,

Class Counsel shall file any further supplement support for their Motion for Final Approval of the Settlement, request for attorneys' fees, expense reimbursement, and Class Representative incentive awards no later than 14 days prior to the hearing, if necessary.

25. At the Fairness Hearing, the court will determine whether to (a) grant final certification of the Classes, (b) enter Judgment in accordance with the Agreement, (c) approve the Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted-out pursuant to Section VI of the Agreement, (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section X of Agreement, (e) approve the service awards proposed for the Class Representatives pursuant to Section X of the Agreement, (f) order the Claims Administrator to process and pay all Valid Claims pursuant to the time frame contained in the Agreement, (g) order the release of all Class Members' claims pursuant to Section III of the Agreement, and (h) enter any such further orders (including an injunction against Class Members filing suits as to settled claims) as the court may deem just and necessary.

Entered this 20th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge