IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GWEN B. DALUGE, MURRAY YOUNG, AND
HELENE K. BIRNBAUM, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

No. 3:15-cv-297-WMC

AGREEMENT AND ORDER OF
CONFIDENTIALITY IN
CONNECTION WITH THE
PRELIMINARY APPROVAL OF
A CLASS ACTION
SETTLEMENT

---

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action involved the production of confidential, proprietary, or private information for which special protection from public disclosure is warranted. Accordingly, any Class Member who objects to the settlement of the above referenced matter ("Objector") or who is considering whether to opt out of Class I ("Potential Opt Out"), and who seeks access to materials produced pursuant to discovery requests in this matter ("Discovery Materials") shall comply with this Agreement and Order of Confidentiality ("Order"), and deliver a fully executed copy of Exhibit A to Class Counsel:

    Sean K. Collins
    Law Offices of Sean K. Collins
    184 High Street, Suite 503
    Boston, MA 02110
    telephone: (855) 693-9256
    email: sean@neinsurancelaw.com

## 2. DURATION

Even after the final disposition of this lawsuit, the confidentiality obligations imposed by this Order shall remain in effect indefinitely.

## 3. ACCESS TO AND USE OF PROTECTED MATERIAL

3.1 **Basic Principles**. An Objector or Potential Opt Out may use Discovery Materials only in connection with this lawsuit and are prohibited from using them for any other purpose.

3.2 An Objector or Potential Opt Out may disclose Discovery Materials only to:

(a) The Objector's or Potential Opt Out's outside counsel in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this lawsuit and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) The Court and its personnel;

(c) Court reporters, or videographers, and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this lawsuit and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(d) During their depositions, witnesses in the action to whom disclosure is reasonably necessary for this lawsuit and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

3.3 Nothing in this order permits access to information protected by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §1320(d) et seq. ("HIPPA"). This includes, without limitation, demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an

individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. However, each individual Objector or Potential Opt Out is entitled to the identifying information specific to that particular Objector or Potential Opt Out.

## 4. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If an Objector or Potential Objector learns that, by inadvertence or otherwise, it has disclosed Discovery Materials to any person or in any circumstance not authorized under this Order, the Objector or Potential Objector must immediately (a) notify Class Counsel by telephone and in writing of the unauthorized disclosures, (b) use best efforts to retrieve all unauthorized copies of the Discovery Materials, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or person to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

## 5. FINAL DISPOSITION

Within 90 days after the final disposition of this action, each Objector of Potential Opt Out must return all Discovery Materials to Class Counsel or destroy such materials. As used in this section, "all Discovery Materials" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Discovery Materials. Whether the Discovery Materials are returned or destroyed, the Objector or Potential Opt Out must submit a written certification to Class Counsel by the 90 day deadline that (1) identifies all the Discovery Materials that were returned or destroyed, and (2) affirms that neither the Objector or Potential Opt Out, nor any entity to whom the Objector or Potential Opt Out provided Discovery Materials pursuant to Section 3.2 above (with the exception of the Court and its personnel), has retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any

of the Discovery Materials.

**IT IS SO ORDERED.**

Dated: *April 20, 2018*

_____
The Honorable William M. Conley,
United States District Judge